# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

JOHNNY WADE STEPHENS, )
)
    *Plaintiff*, )
) No.: 4:15-CV-20-HSM-SKL
v. )
)
WARREN COUNTY JAIL, et al., )
)
    *Defendants*. )
)

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983. The complaint was originally filed in the United States District Court for the Middle District of Tennessee, which granted plaintiffs' application for leave to proceed *in forma pauperis* and assessed the $350.00 filing fee, but did not screen the plaintiffs' complaint under the Prison Litigation Reform Act (PLRA) (Doc. 3). For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Plaintiff's complaint was filed in the Middle District of Tennessee on April 9, 2015, and transferred to this Court on April 21, 2015. In his complaint, plaintiff alleges that he told jail officials that he had a medical need for a soft food diet upon his entry to the Warren County Jail on September 26, 2014. When he was not provided a soft diet within the first four days he was incarcerated, plaintiff states that his jaw fractured, resulting in pain and swelling, and that he could no longer chew his food. Plaintiff further asserts that, despite multiple medical requests and grievances, he did not receive a soft food diet at the jail for the next four months and that he was told by a nurse that he would not receive a soft food diet during this time. Plaintiff also states that when the jail finally did provide him with a soft food diet, plaintiff was starved by this diet due to

2

the foods provided and accordingly "gave up on the soft food tray" after an unspecified period of time.

Plaintiff's complaint is for the first one hundred and twenty days of his incarceration, during which he alleges that he was served food that he could not eat. As relief, plaintiff requests to be given a soft food diet and $100,000 in damages for his pain and suffering. Plaintiff has sued the Warren County Jail, Jackie Mathany, Eddie Knowles, Jay Black, and Kristy Stargill.

In his complaint, plaintiff acknowledges that on November 13, 2014, approximately five months before he filed the instant lawsuit, he filed a separate § 1983 civil rights lawsuit in the Middle District of Tennessee which involves the same facts or circumstances alleged in the instant lawsuit. This case, Civil Case No. 4:14-CV-78, was also transferred to this Court. The named defendants in the previously-filed lawsuit include Warren County Jail, Jackie Mathany, Kristy Stargill, Eddie Knowles, David Florance, and Carol Darby. Upon close review of the earlier-filed complaint and the complaint in this case, it is clear that plaintiff has asserted the same claim regarding the lack of a soft food diet at the Warren County Jail on or about September 26, 2014, and thereafter in both complaints, and that both complaints have nearly identical parties. While plaintiff makes additional claims in his earlier-filed complaint that are not repeated in the instant complaint, and he provides a few more details regarding his soft food diet claim in the instant complaint than he did in the earlier-filed complaint, it is clear that the soft food diet claim asserted in the instant lawsuit and the soft food diet claim asserted in the previously-filed lawsuit are substantively identical and arise out of the same facts. As such, the instant lawsuit is duplicative and subject to dismissal as frivolous under § 28 U.S.C. § 1915(e). *See Dorsey v. Met. Gov't of Nashville & Davidson*

3

Case 4:15-cv-00020-HSM-SKL   Document 5   Filed 05/04/15   Page 3 of 4   PageID #: 22

*Cnty*, No. 3:11-0126, 2011 WL 207 8520, at *1 (M.D. Tenn. April 14, 2011) (collecting cases).

As this lawsuit is duplicative to a pending lawsuit, this action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment will enter.

**SO ORDERED**.

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE